**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FARZANA SHEIKH, M.D., | No. 10-17098 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00213-FCD-GGH |
| v. | |
| MEDICAL BOARD OF CALIFORNIA; STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA Circuit Judges.

Farzana Sheikh, M.D., appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging due process violations. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Telesaurus VPC, LLC v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Power*, 623 F.3d 998, 1003 (9th Cir. 2010). We affirm.

The district court properly dismissed Sheikh's procedural due process claim because the process Sheikh was afforded, which included a full hearing before an administrative law judge, and the California statutory scheme under which she was afforded that process, provided a meaningful opportunity to be heard. *See Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"(citation omitted)).

Sheikh's remaining contentions, including those concerning the authority of the magistrate judge, are unpersuasive.

We do not consider Sheikh's arguments that were not raised before the district court, including that the medical board proceedings violated the Eighth Amendment and that she was improperly removed from her residency program. *See Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004) (an appellate court will not consider arguments not raised before the district court absent exceptional circumstances).

The district court did not mention Sheikh's petition for writ of review in the order granting the motion to dismiss. We deem that the district court denied supplemental jurisdiction over the petition for writ of review.

Sheikh's motion for judicial notice over the Medical Board membership list and Sheikh's letter to the Medical Board is denied.

**AFFIRMED.**